IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:03CR78 |
| ) | (Financial Litigation Unit) |
| ROGER LYNN ARCH, ) | |
| Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| EASTERN BAND OF CHEROKEE INDIANS, ) | |
| Garnishee. ) | |

**O R D E R**

**THIS MATTER** is before the Court on the answer of the Eastern Band of Cherokee Indians ("Tribe"), as the Garnishee and the Response of the United States to that Answer of Garnishee.

On October 28, 2004, the undersigned sentenced the Defendant to serve 24 months incarceration for his convictions for sexual act(s) with a person between the age of 12 and 16 years, in violation of 18 U.S.C. §§ 2243(a), 1153. *Judgment in a Criminal Case, filed November 9, 2004*. As part of that Judgment, the Defendant was ordered to pay an assessment of $100.00 and restitution of $10,357.20 to the victims of the crime. *Id.*

The Government now seeks to garnish the Defendant's *per capita* distribution of gaming revenues received twice a year from the Tribe. The Tribe has answered that such funds are immune from garnishment due to the sovereign nature of the Tribe and also because there is an Order from the Cherokee Tribal Court for child support which must be paid from the distribution.

Indian tribes have traditionally been considered sovereign nations which possess common

law immunity from suit; however, that immunity may be abrogated by Congress. *C & L Enter., Inc. v. Citizens Band of Potawatomi Indian Tribe of Oklahoma,* 532 U.S. 411(2001). When Congress enacted the Federal Debt Collection Procedure Act in 1990, ("FDCPA"), it defined a "garnishee" as any person who has custody of any property in which the debtor has a nonexempt interest; and, it defined "person" as including an Indian tribe. 28 U.S.C. §§ 3002(7) and (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." *Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Comty.,* 991 F.2d 458, 462 (8th Cir. 1993). The Federal Debt Collection Procedure Act uses unequivocal language to waive this immunity. *C&L Enter., supra.*

As a result, the Tribe as the Garnishee must pay over to the federal government any property in which the Defendant has a nonexempt interest. *United States v. Weddell,* 12 F.Supp.2d 999, 1000 (D.S.D. 1998), *aff'd*, 187 F.3d 634 (table), 1999 WL 319323 (8th Cir. 1999). That property includes a *per capita* distribution to tribal members of gaming revenues. *Id.; accord, In re Kedrowski,* 284 B.R. 439 (Bankr.W.D. Wis. 2002). However, the FDCPA also provides that a judicial order "for the support of a person shall have priority over a writ of garnishment issued under this section." 28 U.S.C. § 3205(c)(8). As a result, the order of support of the Defendant's child(ren) has priority, a point which the Government concedes.

**IT IS, THEREFORE, ORDERED** that the Order entered in The Cherokee Tribal Court on October 22, 2004, *nunc pro tunc* to October 19, 2004, has priority over the writ of garnishment issued by this Court until such time as the child support obligation has expired; and

**IT IS FURTHER ORDERED** that the Garnishee's motion to quash the writ of garnishment is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that subject to the Order entered in The Cherokee Tribal Court on October 22, 2004, *nunc pro tunc* to October 19, 2004, an Order of Garnishment is hereby **ENTERED** in the amount of $10,293.20, computed through August 30, 2006, which attaches to each *per capita* distribution of gaming revenues on account of the Defendant, subject to the priority of the existing child support obligation; and

**IT IS FURTHER ORDERED** that any *per capita* gaming revenue that exceeds the child support obligation shall be garnished in favor of the United States.

Signed: September 19, 2006

Lacy H. Thornburg
United States District Judge